IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | Case No. 10-04642 (MCF) |
|---|---|
| CARIBBEAN CARRIER HOLDING PANAMA, INC., | Chapter 11 |
| Debtors | **FILED AND ENTERED ON 03/30/11** |

### OPINION AND ORDER

Upon review of Holland Group Port Investment, Inc.'s (hereafter "HGP") Motion for Reconsideration (Docket No. 245), Caribbean Carrier Holding Panama, Inc.'s (hereafter "Debtor") Opposition thereto (Docket No. 254), as well as Debtor's own Motion for Reconsideration (Docket No. 246), the Court hereby DENIES both parties' Motions for Reconsideration.

### I. PROCEDURAL HISTORY

At the evidentiary hearing held on January 21, 2011 (Docket No. 240), the Court determined that HGP was entitled to an administrative expense under 11 U.S.C. § 503(b)(1)(A) for the post-petition security guard services provided by HGP up and until July 30, 2010.  Consequently, the Court approved the amount of $20,880.00 as an administrative expense.  The Court also determined that HGP was not entitled to distribution under 11 U.S.C. § 506(c) ("Section 506(c)").

HGP then filed a Motion for Reconsideration on February 9, 2011, requesting a modification of the ruling that the security

guard services incurred were, in fact, an administrative expense under Section 506(c) because these services are a form of "post-petition maritime lien" as necessary services. Docket No. 245.

Debtor opposed HGP's reconsideration on the following grounds: "(1) in view of [HGP's President's] testimony, [HGP's] claim should only be allowed up to June 26, 201 for an amount of $7,377.00; (2) the reconsideration should be denied for raising **not one, but two** new legal arguments and/or remedies; (3) even if the arguments were not new, HGP is incorrect in as much as its services do not create a post-petition lien on the vessel; and (4) HGP did not properly notify other lien holders of its request to be considered as a secured lien holder." (emphasis in the original)  Docket No. 254 at page 2.

Consequently, Debtor filed a separate Motion for Reconsideration under Fed. R. Civ. P. 59 on February 10, 2011. Docket No. 246.  Debtor claims that the security guard services should be allowed until June 26, 2010, the date in which the crew of the M/V CARIBBEAN CARRIER was transferred to the M/V CARIBBEAN EXPRESS,[1] thus making unnecessary the security guard services for the Debtor after June 26, 2010.

---

[1] The M/V CARIBBEAN CARRIER was property of Debtor's bankruptcy estate until it was sold for scrap on July 30, 2010. The M/V CARIBBEAN EXPRESS was a vessel owned by Western Holding Group, a related entity which also filed a voluntary petition for bankruptcy protection.

2

**II. DISCUSSION**

A. Standards for Rules 59 and 60

Matters that have been previously ruled upon by the courts may be reconsidered by virtue of Rule 59 and/or Rule 60 of the Federal Rules of Civil Procedure, as made applicable through these proceedings by virtue of Fed. R. Bankr. P. 9023 and 9024.

Rule 59(e) provides that:

> (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed.R. Civ. P. 59(e).

Moreover, Rule 60(b) states as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R. Civ. P. 60(b).

3

Both Rules 59 and 60 establish appropriate vehicles to allow a non-victorious party to request the modification, reversal, and/or alteration of a decision. The main differences between the rules are the time periods in which reconsideration may be sought and the cause for reconsideration. Vernet v. Torres, 2010 U.S. Dist. LEXIS 106422 (D.P.R. 2010); Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993).

A reconsideration under Rule 59 must be sought within 28 days after entry of the judgment, and in order to "correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law." Standard Quimica De Venez. v. Central Hispano Int'l, Inc., 189 F.R.D. 202, 205 (D.P.R. 1999); Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994); Federal Deposit Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992); Cherena v. Coors Brewing Co., 20 F. Supp.2d 282, 286 (D.P.R. 1998); National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990). On the other hand, a reconsideration under Rule 60 may be brought "within a reasonable time" or within a year after entry of judgment (depending on the cause for reconsideration), and the reasons are limited exclusively to one of the six circumstances listed at Rule 60(b).

Rule 59 is the appropriate mechanism for reconsideration in the case at bar because both Debtor and HGP's motions for reconsideration were filed within the 28 day period prescribed by Rule 59(e). Therefore, we must now consider whether HGP or Debtor complied with any of the causes for reconsideration under Rule 59, that is, whether we are dealing with: (1) a manifest error of law or fact; (2) some newly discovered evidence; or (3) if there was an intervening change in the law.

B. HGP's Motion for Reconsideration

HGP does not specifically raise in its motion any of the three causes for reconsideration under Rule 59 and, as such, the motion could be denied for failure to comply with Rule 59. Nevertheless, we interpret HGP's request under "a manifest error of law."

HGP's argument is premised on the allegation that the security guard services are considered "necessary post-petition liens" under Maritime Law. Debtor contends in its objection that HGP is barred from presenting this argument at this stage of the proceedings for HGP failed to originally assert this point at the initial stages of the controversy.

We agree with Debtor's position that HGP did not raise this contention in its original request for administrative expense. Docket No. 124. This argument was not presented in HGP's reply to Debtor and Liberty Marine Services, Inc.'s opposition to

5

administrative expenses, and in its objection to Debtor's supplemental opposition to the motion requesting administrative expenses. Docket No. 135 and 172. Finally, Debtor correctly establishes that the first time that HGP even made a "passing reference" to this argument was in paragraph 56 of the Pre-Trial Report. Docket No. 203.

The First Circuit in the case of Dimarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001), has distinguished that "[s]imply noting an argument in passing without explanation is insufficient to avoid waiver." *Id.* at 34 (citing McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991)) (where a mention comprised of two sentences and one citation to a tangentially relevant case was not sufficient to avoid waiver). See also Vernet, 2010 U.S. Dist. LEXIS 106422, at p. 7 ("It is settled that '[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment.'"); Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006); Lubricantes Venoco Int'l v. M/V Neveris, 60 Fed. Appx. 835, 839 (1st Cir. 2003) (claims not timely made during the pendency of the case, but instead are raised for the first time in a motion for reconsideration, are deemed waived).

Given that HGP did not raise these arguments in its original motion (Docket No. 124), its reply (Docket No. 135), its opposition to supplement to objections (Docket No. 172), and was only tangently raised in the Pre-Trial Report (Docket No. 203), the Court concurs with Debtor's assessment that HGP waived the legal argument of security guard services being necessary post-petition liens under Maritime Law.

Finally, HGP had never raised its request for distribution under Section 506(c) at the evidentiary hearing nor prior to its motion for reconsideration. In any event, even assuming that the Section 506(c) argument were timely, it is important to note that, aside from simply quoting "Section 506(c)" in its Motion for Reconsideration, HGP has not put this Court in a position to consider the applicability, or not, of said section to this case, due to HGP's lack of supporting legal authority on this matter in both its Motion for Reconsideration and Pre-Trial Report.[2] Consequently, the Court hereby DENIES HGP's motion for reconsideration filed on February 9, 2011. Docket No. 245.

---

[2] Debtor argues that, according to the legal authority cited by HGP in its reconsideration, the same would not qualify as a post-petition maritime lien because "[w]hen examining maritime liens the Bankruptcy Court should keep in mind that First Circuit has held that "maritime liens are to be strictly construed." See Tramp Oil Marine, Ltd. v. M/V Mermaid I, 805 F.2d 42 (1st Cir. 1986)(quoting Atlantic & Gulf Stevedores, Inc. v. M/V Grand Loyalty, 608 F.2d 197, 200, 201 (5th Cir. 1979)).

C. Debtor's Motion for Reconsideration

Debtor requests reconsideration under Rule 59 on the grounds that the Court "erroneously interpreted a set of facts presented to it before reaching said judgment." Docket No. 246 at p. 2. Specifically, Debtor alleges that the amount of administrative expenses for security guards should be reduced from $20,880 to $7,377, which corresponds to the period of security guards up until June 26, 2010. Debtor states that the Court misinterpreted a crucial piece of information, that is, HGP's President's testimony at the evidentiary hearing, in which he indicated that the crew from the M/V Caribbean Carrier was transferred to the M/V Caribbean Express on June 26, 2010. Thus, the services for security guards after said date were unnecessary. Docket No. 246.

Debtor is now trying, through its motion, to undo a procedural failure as well as advancing an argument that could and should have been presented prior to the reconsideration. In other words, Debtor is using its motion as a means of rebutting the testimony produced by HGP's President, when the correct procedure would have been to have raised this matter immediately at the evidentiary hearing held on January 21, 2011. Furthermore, the issue of the transfer of the crewmembers from one vessel to another was known by Debtor as early as June 29, 2010, date in which Debtor voluntarily recognized this fact at

8

the hearing held on said date. Docket No. 39. Dimarco-Zappa, 238 F.3d at 34; Vernet, 2010 U.S. Dist. LEXIS 106422, at p. 7.

Considering Debtor's prior knowledge of the crewmembers transfer, it is interesting to note that Debtor did not raise this argument in its opposition to HGP's motion requesting administrative expense (Docket No. 133), its supplement to opposition to motion requesting administrative expense (Docket No. 171), or the Pre-Trial Report (Docket No. 203).

Given that Debtor waived this argument by having failed to timely plead it prior to the reconsideration, the Court hereby DENIES Debtor's request for reconsideration. Docket No. 246.

<strong><u>ORDER</u></strong>

WHEREFORE, HGP's Motion for Reconsideration (Docket No. 245), as well as Debtor's Motion for Reconsideration (Docket No. 246), shall be, and hereby are, DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 30th day of March, 2011.

BY THE COURT:

/s/MILDRED CABAN FLORES
U.S. Bankruptcy Judge

9